## LEVINSON *v.* GOODE.

1. "The extent of an easement to use a wall of an adjoining owner for the support of a building, which is acquired by prescription, is the enjoyment of the use of the wall for the support of the house as it existed during the period of prescription."

2. "The owner of a wall which is subject to an easement by prescription for the support of the building of an adjoining owner has the right, on raising the wall higher, to the sole use thereof unaffected by any easement for the use of the new portion to support an additional story of the house to which the easement belongs."

3. The verdict is without evidence to support it. The court erred in refusing a new trial.

No. 5784.   JUNE 20, 1927.

Equitable petition. Before Judge Graham. Pulaski superior court. November 27, 1926.

*H. E. Coates,* for plaintiff in error.   *Lawson & Ware,* contra.

GILBERT, J. This is a case where injunction was sought to prevent the defendant from cutting windows in the east wall of his store building, on the ground that said wall was a "party wall," and no leave had been granted by plaintiff for the windows to be cut. The wall divided the store of plaintiff from that of defendant, both connecting therewith. The defendant sought to cut the said windows in the east wall of the second story of his store building, in order to convert said story into offices, said windows to look out over the roof of plaintiff's store which was one-story. The petition alleged that the stores and brick wall between had been in existence more than twenty years, and the wall had been con-

Party Walls, 30 Cyc. p. 772, n. 5; p. 777, n. 20; p. 786, n. 62.

sidered as a party wall by plaintiff and defendant and their respective predecessors in title during the entire period, "jointly, publicly, exclusively, peaceably, in good faith," and that cutting said windows would weaken the wall to the damage of plaintiff. The defendant answered, denying that plaintiff had any right or title in said wall, alleging that defendant owned the same in fee simple, and praying the court to enjoin plaintiff from interfering with defendant in installing the windows.

On the trial evidence was introduced by both parties. The evidence demanded a finding that the store of Levinson, the defendant, was built before that of Goode, the plaintiff, and that there was no contract agreement between the then owners of the two lots with reference to a party wall. Likewise the evidence required a finding that there was no contribution by the then owner of the Goode lot to the expense of building the wall between the two lots. The Levinson store was originally a one-story building, but about eighteen or twenty years ago it was made into a two-story building. The Goode store is and always has been a one-story building. The floor, joists, and rafters of the Goode building were attached to and supported by the wall of the Levinson building. There was evidence tending to show that Levinson had never understood that the dividing wall belonged in any way to Goode or his predecessors in title, but believed he acquired the entire interest in said wall when he bought the two-story building. There was evidence in behalf of Goode, to the effect that he and his predecessors for twenty years or more had treated the wall as a party wall, and that there had never been any objection to its use as such. The court charged the jury that the issue for their determination was whether the wall in question was a party wall. The jury returned a verdict finding in favor of the plaintiff, who contended that it was a party wall; and thereupon the court rendered a judgment permanently enjoining the defendant from opening window spaces as prayed. The defendant filed his motion for a new trial, which being overruled, he excepted. As we view the case it is unnecessary to decide whether the plaintiff had acquired a prescriptive easement in the first-story portion of the wall built by defendant's predecessors. The only question is whether Goode had acquired by prescription any right whatever in the dividing wall in the two-story portion of the Levinson building above the

top of the Goode building. There is no complaint that the first-story wall is to be changed in any way.

The theory of party wall is based upon the principle that adjoining-land owners owe to each other lateral support of the soil in its natural state. Civil Code (1910), § 3619. The parties did not derive title to the respective lots under a common grantor. The claim of Goode is restricted to the rights acquired under twenty years possession, open, adverse, notorious, under a claim of right. What was that occupancy? Under the undisputed evidence, it was limited to the support of the connecting walls and the other portions of the store. "A division wall between two buildings, having for the period of limitations been used for support of both buildings, becomes in effect a party wall, whether or not originally constructed as such, and without any express agreement by the owners of the buildings." Weadock v. Champe, 193 Mich. 553 (160 N. W. 564, Ann. Cas. 1918C, 874). This principle applies generally where the entire wall has been jointly possessed by both parties for the required length of time. One could not acquire prescriptive title to an easement in a wall several hundred feet high or long, by joining and attaching to such wall a structure twenty or thirty feet high or long. These figures are named merely for illustration. The qualified rule has been well stated in Barry v. Edlavitch, 84 Md. 95 (35 Atl. 170, 33 L. R. A. 294), as follows: "1. The extent of an easement to use a wall of an adjoining owner for the support of a building, which is acquired by prescription, is the enjoyment of the use of the wall for the support of the house as it existed during the period of prescription. 2. The owner of a wall which is subject to an easement by prescription for the support of the building of an adjoining owner has the right, on raising the wall higher, to the sole use thereof unaffected by any easement for the use of the new portion to support an additional story of the house to which the easement belongs." The facts in the Barry case, just cited, were quite similar to the facts of this case, and it ruled on the precise question here raised. Following the line of reasoning in that case, we find that under the facts these conclusions are required: The wall stands on the land of Levinson. The use of the wall by Goode and his predecessors was of no benefit to the owners of the wall, and hence it was a mere burden upon the property, open, adverse

and acquiesced in. The law implies a grant to do the things that have been done for so long a time that a lawful right has been acquired. It can not be presumed that either party intended that the wall should be a party wall except for the purpose of supporting the other wall to the extent that it had been supported. That was, therefore, the extent of the prescriptive right, namely to enjoy the use of the wall for the support of the prescribor's house as it then existed. The owner of the wall can do with it as he chooses, provided he does nothing of detriment to the other's right. It follows, necessarily, that Goode has no right in or to that part of the wall which is above the height of his own store and which is not required for the support of the timbers of his house; and in placing window openings in the second-story portion of the wall there was no invasion of the rights of Goode by Levinson. For these reasons the verdict was unsupported by the evidence, and the court erred in refusing to grant a new trial. If the facts are substantially the same on another trial, which would seem to be assured, a verdict will be demanded in favor of the defendant.

*Judgment reversed. All the Justices concur.*